**FILED**

MAR 0 1 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| INGENUITY13 LLC, | Civil Action No.: 1:12-cv-06131 |
| Plaintiff, | |
| | Judge: Hon. Joan H. Lefkow |
| vs. | Magistrate Judge: Hon. Geraldine Soat Brown |
| Bradley Hellyer | |
| Defendant | **JURY TRIAL DEMANDED** |

## DEFENDANTS ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND NEGLIGENCE;
## AND
## DEFENDANT'S COUNTERCLAIMS

### NATURE OF THE CASE

1. In response to paragraph 1 of complaint, Defendant denies all allegations with the exception of the plaintiff filing this action for copyright and contributory infringement.

### THE PARTIES

2. Defendant does not have sufficient information to affirm or deny the subject matter set forth in this paragraph.

3. Although the Defendant has no personal knowledge of this cited copyrighted work, the Defendant accepts the Plaintiff's representation that it is the work at issue in the Complaint.

4. Defendant admits in part and denies in part the allegations in paragraph four of the Complaint. Defendant affirms the fact they are over the age of eighteen and reside within the district. Defendant denies allegations of using specified "IP" address during the time plaintiff is accusing defendant.

## JURISDICTION AND VENUE

5. Defendant does not have sufficient information to affirm or deny the subject matter set forth in this paragraph.

6. Defendant denies committing copyright infringement. Defendant does not have sufficient information to affirm or deny the other allegations set forth in this paragraph

7. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

## BACKGROUND

8. Defendant affirms these facts.

9. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

10. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

11. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

12. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

13. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

14. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

15. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

16. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

17. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

19. Defendant's only knowledge of this purported fact is the representation made in "Exhibit A".

20. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

21. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

22. Defendant denies allegations.

23. Defendant denies allegations.

24. Defendant denies allegations.

## COUNT I-COPYRIGHT INFRINGMENT

25. Defendant hereby incorporates by reference all of the answers contained in the proceeding paragraphs as if fully set forth herein.

26. Defendant denies allegations.

27. Defendant denies allegations.

28. Defendant denies allegations.

29. Defendant denies allegations.

30. Defendant denies allegations.

31. Defendant denies allegations.

## COUNT II-CONTRIBUTORY INFRINGEMENT

32. Defendant hereby incorporates by reference all of the answers contained in the proceeding paragraphs as if fully set forth herein.

33. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph.

34. Defendant denies allegations.

35. Defendant denies allegations.

36. Defendant does not have sufficient information to affirm or deny subject matter set forth in this paragraph of complaint, and thereby deny.

37. Defendant denies allegations.

38. Defendant denies allegations.

39. Defendant denies allegations.

40. Defendant also demands a jury trial in this case.

## PRAYER FOR RELIEF

1. Defendant denies that plaintiff is entitled to judgment or to any of the relief requested in paragraphs "1" through "6" of the prayer of relief in the complaint.

## AFFIRMATIVE DEFENSE AND COUNTERCLAIMS

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. The requisite elements for the claims are not present and/or have not been properly pled. Further, the Plaintiff has not established facts sufficient to maintain any of the causes of action set forth in the Complaint. There is no pled factual basis set forth in the complaint to establish or even allege that Bradley Hellyer committed any of the acts so claimed.

### First Counter Claim Against Plaintiff
### MALICIOUS PROSECUTION

1. The Plaintiff has instituted and is pursuing (or causing to be instituted or pursued) a legal action against the Defendant for copyright infringement and contributory infringement.

2. The Plaintiff's action for copyright infringement and contributory infringement against Defendant was brought intentionally.

3. The Plaintiff's action for copyright infringement and contributory infringement was brought with malice to the Defendant.

4. The Plaintiff's action for copyright infringement and contributory infringement was brought without probably cause.

5. The Plaintiff's action for copyright infringement and contributory infringement was brought to inflict emotional distress upon Defendant.

6. The Plaintiff's action for copyright infringement and contributory infringement was brought without an investigation of facts sufficient to establish the grounds necessary for asserting the claims set forth in the complaint against the Defendant.

7. In bringing the present action, the Plaintiff simply located an IP address, located the names of the residents listed at the physical address, and sued the youngest person living at the IP address.

8. The Plaintiff brought this action against Defendant without considering the fact that multiple adults and family units uses the same IP address.

**Second Counterclaim**
**LIBEL AND SLANDER**

1. Plaintiff has libeled and slandered Defendant by stating in a public document that Defendant stole another's intellectual property, particularly the alleged copyrighted work cited in the Complaint.

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. The requisite elements for the claims are not present and/or have not been properly pled. Further, the Plaintiff has not established facts sufficient to maintain any of the causes of action set forth in the Complaint. There is no pled factual basis set forth in the complaint to establish or even allege that Bradley Hellyer committed any of the acts so claimed.

WHEREFORE, defendant prays:

   a. that plaintiff take nothing by way of its Complaint for Damages;
   b. that he recover costs of suit herein incurred;
   c. that he be compensated appropriately for the damages actually incurred by way of plaintiff's malicious prosecution, libel, and slander; and such other relief as the court may deem proper.

### VERIFICATION

I, Bradley Hellyer, am a defendant in the above-entitled action. I have read the foregoing answer to complaint for damages for defamation and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 28, 2013                    X _____

                                            _____
                                            Bradley Hellyer, defendant in pro se