IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INGENUITY13, LLC, | CASE NO. 1:12-cv-06131 |
| Plaintiff, | Judge: Hon. Joan H. Lefkow |
| v. | Magistrate Judge: Hon. Geraldine Soat Brown |
| BRADLEY HELLYER, | |
| Defendant. | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Ingenuity13, LLC respectfully requests the Court dismiss each of Defendant's counterclaims for failure to state a claim upon which relief may be granted. In support of its motion, Plaintiff states as follows:

### FACTUAL BACKGROUND

On February 6, 2013 Plaintiff amended its complaint and brought allegations of copyright infringement and contributory infringement against Defendant Bradley Hellyer. (ECF No. 15.) On March 1, 2013 Defendant filed an answer to Plaintiff's amended complaint and included two counterclaims against Plaintiff. (ECF No. 16.) First, Defendant brings a claim of malicious prosecution against Plaintiff. (*Id.* at 4-5.) Second, Defendant brings a claim of libel and slander against Plaintiff. (*Id.* at 5-6.)

### LEGAL STANDARD

Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint or counterclaims if the allegations, even if true, fail "to state a claim upon which relief can be

1

granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the counterclaims must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

Each of Defendant's counterclaims fail to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the Court should dismiss each of Defendant's counterclaims. Plaintiff addresses each counterclaim in more detail below.

### I. DEFENDANT'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW

Defendant's first counterclaim is an allegation of malicious prosecution. (ECF No. 16 at 4-5.) Malicious prosecution is the bringing of a suit known to be groundless. *Smart v. Board of Trustees of University of Illinois*, 34 F. 3d 432, 434 (7th Cir. 1994). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Curtis v. Bembenek,* 48 F.3d 281, 286 (7th Cir. 1995) (citations omitted). Defendant's counterclaim of malicious prosecution fails elements four and five. Defendant's counterclaim of malicious prosecution fails element four because the proceedings have not been terminated in his favor—indeed the present action is still pending. This counterclaim is premature until the present action is resolved. Defendant's counterclaim of malicious prosecution fails element five because he did not allege that any injury occurred. (*See generally* ECF No. 16.) As a result, Defendant's counterclaim of malicious prosecution fails as a matter of law.

## II. DEFENDANT'S LIBEL AND SLANDER CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW

Defendant's second counterclaim is an allegation of libel and slander. (ECF No. 16 at 5-6.) Defendant's sole statement in support of his claim is that Plaintiff stated "in a public document that Defendant stole another's intellectual property, particularly the alleged copyrighted work cited in the Complaint." (ECF No. 16 at 6.) "In Illinois, to make out a claim for defamation, a plaintiff must demonstrate that the defendant made a false statement about him to a third party, and that the statement caused injury to the plaintiff." *Pelech v. Klaff-Joss, LP*, 828 F.Supp. 525, 534 (N.D. Ill. 1993.) Defendant's counterclaim for defamation fails to meet these elements. First, Defendant does not allege that the statements made in the complaint are false. (ECF No. 16. at 6.) Indeed, the goal of this litigation is to make that determination. Second, Defendant does not allege that Plaintiff's statement(s) caused him injury. (*Id*.) Defendant's counterclaim for defamation fails to satisfy the elements of the tort, and fails as a matter of law.

Further, Defendant's counterclaim for defamation fails because Plaintiff has an absolute privilege from defamation regarding statements made in its complaint. *Steffes v. Stephan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998) ("Illinois law recognizes an absolute litigation privilege which protects anything said or written in the course of a legal proceeding. The only qualification to this privilege is that the communication pertain to the litigation."). Defendant's counterclaim for defamation is barred by Plaintiff's absolute privilege and, therefore, fails as a matter of law.

## CONCLUSION

The Court should dismiss each of Defendant's counterclaims, because Defendant's counterclaims fail to state a claim upon which relief can be granted. Defendant's counterclaim of malicious should be dismissed as a matter of law. Defendant's counterclaim of libel and slander

should be dismissed as a matter of law. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the Court should dismiss each of Defendant's counterclaims.

Respectfully submitted,

Ingenuity13, LLC,

DATED: May 6, 2013

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: 312-880-9160
Fax: 312-893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on May 6, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a); and by U.S. Mail, postage prepaid, to:

  Bradley Hellyer
  7820 Hillside Rd
  Crystal Lake, IL 60012


                /s/ Paul Duffy_____

                Paul Duffy